UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-16-14

WILLIAM MANNO, On Behalf Of Himself And All Others Similarly Situated, And Derivatively On Behalf Of MAXAM ABSOLUTE RETURN FUND, L.P.,

Plaintiff,

v.

MAXAM CAPITAL GP, LLC; MAXAM CAPITAL MANAGEMENT LLC; MAXAM CAPITAL MANAGEMENT LIMITED; and SANDRA L. MANZKE,

Defendants,

and MAXAM ABSOLUTE RETURN FUND, L.P.;

Nominal Defendant.

Civ. No. 1:10-cv-09260-LAP

## [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This Court having considered: the Stipulation of Settlement dated April 25, 2014, including all Exhibits thereto (the "Stipulation"), between plaintiff William Manno ("Plaintiff"), on behalf of himself and others similarly situated, and derivatively, on behalf of the MAXAM Absolute Return Fund, L.P. ("MARF"), and defendants MAXAM Capital GP, LLC ("MAXAM GP"), MAXAM Capital Management LLC ("MAXAM Capital"), MAXAM Capital Management Limited, and Sandra L. Manzke ("Manzke") (collectively, the "MAXAM Defendants"), and nominal defendant MARF (together with the MAXAM Defendants, "Defendants"); and having held a hearing on September 23, 2014; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED that:

1. This Final Judgment and Order of Dismissal With Prejudice ("Judgment") incorporates herein and makes a part hereof, the Stipulation, including the Exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has personal jurisdiction over Plaintiff, the Settlement Class Members, and Defendants for purposes of this Action and Settlement, and has subject matter jurisdiction to approve the Stipulation and the terms and conditions of the Settlement set forth therein.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court confirms certification of the following Class, as ordered by the Court in its June 10, 2014 Order Preliminarily Approving Settlement and Directing Notice (Docket No. 28) (the "Preliminary Approval Order"):

> All limited partners in MARF who purchased and/or otherwise held interests in MARF, who were limited partners in MARF as of December 10, 2008, and who suffered a net loss of equity in their investments.

4. The Settlement Class excludes (i) Sandra Manzke; (ii) any Person or entity controlled by Sandra Manzke (whether directly or indirectly); (iii) all Persons controlled by, controlling, or under common control with the Defendants; and (iv) any member of the proposed Settlement Class who submits a valid and timely request to opt out of the Settlement Class in accordance with the procedures and deadlines that are set forth in the Notice and who does not subsequently withdraw that request. For the avoidance of doubt, the MAXAM Absolute Return Fund Limited is a Settlement Class Member.

5. The Court confirms that certification of the above Settlement Class (for settlement purposes) met the requirements of Rule 23 as follows: (a) the number of Settlement Class

Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law or fact common to the Settlement Class Members that predominate over any individual questions; (c) the claims of Plaintiff William Manno are typical of the claims of the Settlement Class Members he seeks to represent; (d) Plaintiff William Manno fairly and adequately represents the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6. Plaintiff William Manno is hereby certified as the representative of the Settlement Class for purposes of the Settlement.

7. Plaintiff's counsel, Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), having met the requirements of Rule 23(g)(1), is hereby appointed Class Counsel for purposes of the Settlement.

8. The Court finds that Plaintiff William Manno has standing to prosecute the derivative claims asserted in the Action and is an adequate representative of all limited partners in MARF.

9. The Court finds that the provisions of Rule 23.1 of the Federal Rules of Civil Procedure have been satisfied and the derivative claims asserted in the Action have been properly maintained according to the provisions of Rule 23.1 of the Federal Rules of Civil Procedure.

10. The Court finds that the distribution of the Notice and the Notice methodology were all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order, and:

    (a) constituted the best practicable Notice to Settlement Class Members and current limited partners of MARF under the circumstances;

(b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of the Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to any aspect of the proposed Settlement (including the Plan of Allocation, and the request for attorneys' fees and expenses); (iv) their right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

(c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d) and Rule 23.1), Class Action Fairness Act, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law.

11. The Court finds that the Defendants have provided notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715.

12. Pursuant to Rules 23 and Rule 23.1 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Stipulation were entered into by the Settling Parties at arm's length, without collusion, and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class and MARF. The Settling Parties and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

13.   The Action and all Released Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

14.   In accordance with Paragraph 1.22 of the Stipulation, for purposes of this Judgment, the term "Released Persons" means: (i) Defendants; (ii) all Persons controlled by, controlling, or under common control with the Defendants; and (iii) any current and/or former employee, agent, representative, heir, predecessor, successor, assign, partner, spouse, administrator, advisor, attorney, associate, consultant, insurer, director and/or officer of any of the foregoing.

15.   In accordance with Paragraph 1.23 of the Stipulation, for purposes of this Judgment, the term "Releasing Persons" means: (i) Plaintiff; (ii) the Settlement Class Members; (iii) MARF; (iv) any heirs, executors, trustees, administrators, predecessors, successors, spouses, and assigns of the foregoing.

16.   In accordance with Paragraph 1.3 of the Stipulation, for purposes of this Judgment, the term "Claims" means any and all manner of actual or potential claims, causes of action, demands, rights, actions, liabilities, duties, damages, harms, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever (whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured), which now exist, or heretofore or previously existed, or may hereafter exist. This includes, but is not limited to, any claims arising under federal, state or foreign law; common law; bankruptcy law; statute; rule; contract; regulation; or in quasi-contract, and relating to alleged fraud or misrepresentation; breach of any

5

duty; negligence or nonfeasance; fraudulent conveyance, transfer or preference; avoidance; violations of the federal securities laws or state blue sky laws; or otherwise (regardless of whether the Claims are legal, regulatory, administrative, governmental or equitable in nature, or of any other type or nature, and whether the Claims are individual, class, direct, derivative, representative, otherwise asserted or accrued on behalf of others, or in any other capacity).

17. In accordance with Paragraph 1.21 of the Stipulation, for purposes of this Judgment, the term "Released Claims" shall mean any and all Claims, including Unknown Claims (defined below), that have been, could have been, or in the future can or might be asserted in any federal, state, foreign, administrative, regulatory or other court, tribunal, forum or proceeding against any Defendant or Released Person, by or on behalf of Plaintiff or any Releasing Persons (as defined below), whether directly, derivatively, as class claims, in a representative capacity or in any other capacity (regardless of whether any Released Persons were named, served with process, or appeared in the Action), and that have arisen, could have arisen, arise now, or hereafter arise out of or relate in any manner whatsoever to the allegations, claims, defenses, things, facts, events, matters, acts, occurrences, transactions, investments, statements, omissions, representations, misrepresentations, or any other matter, thing or cause whatsoever, or any series thereof, that is embraced, involved, intertwined with, set forth in, referred to, connected to, or in any other way related (whether directly or indirectly) to the Action; except, however, that the term "Released Claims" does not include: (i) any claims that relate to or arise from the rights, obligations and liabilities of any Party pursuant to the Settlement and/or Stipulation, or to the interpretation, enforcement, violation or breach of the Stipulation and/or the Settlement; (ii) any claim by any limited partner of MARF to receive from MARF future distributions from the proceeds of the Allowed SIPA Claim; or (iii) any claim by

Plaintiff or the Settlement Class Members to receive any distribution that the Manzke Trust may receive from the Madoff Victim Fund. For the avoidance of doubt, the Manzke Trust's obligations pursuant to the Stipulation are set forth in ¶ 3.5 of the Stipulation, and the Manzke Trust shall have no other or further obligation to any Releasing Person.

18. In accordance with Paragraph 1.27 of the Stipulation, for purposes of this Judgment, the term "Unknown Claims" shall mean: any and/or all claims and/or causes of action that Plaintiff and/or Settlement Class Members do not know, do not suspect, and/or do not have reason to know and/or to suspect exist in his, her, its or their favor at any time on or before the date on which the releases under this Stipulation become Final, including any claim and/or cause of action for new and/or additional damages and/or injuries that, if known, might have affected: (i) the decision to enter into this Stipulation; (ii) the decision to object or not to object to the Settlement; or (iii) the decision to opt out of the Settlement Class. The Plaintiff and Settlement Class Members expressly relinquish and waive, to the full extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code (to the extent applicable), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiff and Settlement Class Members further expressly relinquish and waive, to the full extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or by any principle of common law, that are similar, comparable or equivalent to California Civil Code § 1542 (to the extent applicable) and that, absent such a waiver, may limit the ability of a general release to cover the Unknown Claims.

7

The Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true, but Plaintiff and the Releasing Persons shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity (whether arising under or pursuant to any statute, code, rule, regulation, law or principle), now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Each of Plaintiff and the Settlement Class Members acknowledge and shall be deemed to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

19. By operation of this Judgment, all Released Persons are hereby forever discharged from any and all Claims or liabilities arising from or related to the Released Claims, and the Releasing Persons and Class Counsel are forever discharged from any Claims arising from or related to the institution, prosecution or settlement of the Action (except those that relate to or arise from the rights, obligations and liabilities of the Parties pursuant to the Settlement and/or Stipulation, or to the interpretation, enforcement, violation or breach of the Stipulation and/or the Settlement).

20. By operation of this Judgment, all Releasing Persons are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating (as class members

8

or otherwise), or receiving any benefits or other relief from any other Claim, lawsuit, arbitration or other proceeding or order against any Released Person in any jurisdiction that is based upon, arises out of or relates to any Released Claim.

21. All Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

22. The Court finds that all parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

23. Neither this Final Judgment, the Stipulation, nor any of the negotiations, documents, proceedings, and acts performed in connection with them shall be:

(a) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to or for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

9

(b) construed as an admission, acknowledgment, concession, presumption or recognition by any Defendant or any of the Released Persons of any failure, wrongdoing, fault, liability, or damages whatsoever; of any merit to any actual or contemplated Claim or allegation against any Defendant or Released Person; or of any lack of merit to any actual or contemplated defense;

(c) interpreted as a presumption, concession, or admission by Plaintiff of any lack of merit to any claim of any fault, liability, or wrongdoing as to any facts or Claims alleged or asserted in the Action, or in any other action or proceeding; or

(d) interpreted, construed, deemed, invoked, offered, admitted, or received in evidence or otherwise used by any member of the proposed Settlement Class or the Settling Parties to the Action or in any other action or proceeding (whether civil, criminal, or administrative).

24. Notwithstanding the provisions of paragraph 21 above, if the Stipulation is approved by the Court, the Released Persons may file or otherwise offer the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, waiver, relinquishment, release, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion (or any similar defense or counterclaim).

25. This Judgment shall not be construed or used as a presumption, concession, or admission by or against Defendants of any fault, wrongdoing, breach or liability.

26. The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement,

judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27. The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

28. Exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, (ii) disbursement of the Settlement Fund, and (iii) any application for fees and expenses incurred in connection with administering and disbursing the settlement proceeds to the Settlement Class Members. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Defendants, Plaintiff, and the Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

29. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

30. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered, including those certifying a settlement class, and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12

31.     The provisions of this Judgment constitute a full and complete adjudication of the matter considered and adjudged herein. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: *October 14, 2014*

*Loretta A. Preska*

THE HONORABLE
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE