UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM MANNO, On Behalf Of Himself And All Others Similarly Situated, And Derivatively On Behalf Of MAXAM ABSOLUTE RETURN FUND, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>MAXAM CAPITAL GP, LLC; MAXAM CAPITAL MANAGEMENT LLC; MAXAM CAPITAL MANAGEMENT LIMITED; and SANDRA L. MANZKE,<br><br>Defendants,<br><br>and MAXAM ABSOLUTE RETURN FUND, L.P.;<br><br>Nominal Defendant. | Civ. No. 1:10-cv-09260-LAP |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/20/15

**~~[PROPOSED]~~ SETTLEMENT DISTRIBUTION ORDER**

WHEREAS, on April 25, 2014, Plaintiff William Manno on behalf of himself and the Settlement Class, and, derivatively, on behalf of the MAXAM Absolute Return Fund, L.P. ("MARF"), entered into a Stipulation of Settlement dated April 25, 2014 (the "Stipulation") with defendants MAXAM Capital GP, LLC ("MAXAM GP"), MAXAM Capital Management LLC ("MAXAM Capital"), MAXAM Capital Management Limited, and Sandra L. Manzke ("Manzke") (collectively, the "MAXAM Defendants"), and nominal defendant MARF ( together with the MAXAM Defendants, "Defendants"). Excluded from the Settlement Class are (i) Sandra Manzke; (ii) any Person or entity controlled by Sandra Manzke (whether directly or

indirectly); (iii) all Persons controlled by, controlling, or under common control with the Defendants; and (iv) any member of the proposed Settlement Class who submits a valid and timely request to opt out of the Settlement Class in accordance with the procedures and deadlines that are set forth in the Notice and who does not subsequently withdraw that request. For the avoidance of doubt, the MAXAM Absolute Return Fund Limited is a Settlement Class Member;

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement on September 23, 2014, at which time all Settlement Class members were provided with an opportunity to be heard;

WHEREAS, on October 14, 2014, the Court entered a final judgment ("Final Judgment") and approved the Settlement, finding, *inter alia*, that the Settlement was fair, just, reasonable and adequate to the Class and its members and that the Notice to the Class satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d) and Rule 23.1), Class Action Fairness Act, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law;

WHEREAS, this Court reserved jurisdiction, without affecting the finality of the Final Judgment, over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of the Final Judgment, to protect and effectuate the Final Judgment, and for any other necessary purpose (Final Judgment (Dkt. 40), ¶ 28);

WHEREAS, Plaintiff's counsel ("Class Counsel") and their independent claims administrator, Garden City Group ("GCG"), have now completed all steps required for the administration, review, processing, and validation of claims set forth in the Stipulation, and have

calculated, pursuant to the terms of the Plan of Allocation approved by this Court, each Settlement Class Member's *pro rata* share;

WHEREAS, Class Counsel and GCG have reported to this Court in the Affidavit of Stephen J. Cirami in Support of Motion for Distribution of the Net Settlement Fund ("Cirami Affidavit"), dated February 12, 2015, on the administration, review, processing, validation and calculation of claims, and have provided a final report listing all valid and complete claims;

WHEREAS, Class Counsel has moved this Court for approval of the distribution of the Net Settlement Fund pursuant to the terms and conditions of the Stipulation;

WHEREAS, Class Counsel has moved this Court for approval of the plan for further distribution and/or donation of any funds remaining in the Net Settlement Fund following the distribution to Settlement Class members;

WHEREAS, Class Counsel has moved this Court for approval to pay GCG's outstanding fees and expenses of $6,500.00. To date, GCG has not received payment of its fees and expenses;

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing;

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. This Court finds that the procedures and methods utilized in the administration of the Settlement fully complied with the notice and administration provisions and the Plan of Allocation set forth in the Stipulation and Settlement Notice and approved by this Court.

2. This Court approves of Class Counsel's administration with respect to payment of all taxes owed by the Settlement Fund and directs that payment be made from the Settlement

Fund to the Internal Revenue Service for the proper amount of taxes due and owing on interest earned by the Settlement Fund while in escrow, if any.

3. This Court directs payment of each Class Member's *pro rata* share from the proceeds of the Net Settlement Fund, after payment of all administrative fees and expenses allowed herein and taxes due or owing, to all such Class Members in the proportions set forth in the Cirami Affidavit. The checks for distribution to the claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE," or words of similar import.

4. This Court directs Class Counsel, together with GCG, to continue administration of the Settlement pursuant to the Stipulation, the Final Judgment, and this Order.

5. This Court directs Class Counsel to make reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks.

6. Checks not cashed within six (6) months of the issuance date will be canceled. Attempts to contact the Settlement Class Members with Recognized Claims who are the payees of canceled checks will be made at the discretion of Class Counsel in consultation with GCG.

7. If there is any balance remaining in the Net Settlement Fund (by reason of uncashed check, or otherwise), at a date ninety (90) days from the issuance date, by reason of uncashed check or otherwise, then Class Counsel shall distribute such balance among Class Members, in a manner consistent with the Plan of Allocation.

8. If after four (4) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund, then Class Counsel shall donate such balance to a secular non-profit organization qualifying under

Internal Revenue Code § 501(c)(3). Class Counsel has designated and the Court approves The Legal Aid Society as the non-profit organization to which any such funds shall be donated.

9. The request of GCG for payment of its unpaid fees and expenses incurred and expected to be incurred in administration of the Settlement of $6,500.00 is in accord with paragraph 28 of the Final Judgment and is approved.

10. All persons involved in the review, validation, calculation or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class members, whether or not they have submitted claims or are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the released parties beyond the amount allocated to them pursuant to this Order.

11. Class Counsel and GCG are authorized to discard paper or hard copies of data one (1) year after the initial distribution of the Net Settlement Fund to Settlement Class Members, and electronic or magnetic media data and all administrative records three (3) years after the initial distribution of the Net Settlement Fund to Settlement Class Members.

12. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Judgment.

IT IS SO ORDERED.

DATED: February 20, 2015

Loretta A. Preska

HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE